IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LILO ISMAIL, individually and on behalf of her children Wilsam Alsarraf, Samer Alsarraf, and Maya Alsarraf** § § § § | **CIVIL ACTION NO.:_____** | |
| *Plaintiff*, § | | |
| **v.** § § | | |
| **WYMER ENTERPRISES, INC., dba MCDONALD'S, and MCDONALD'S CORPORATION** § § § § | **JURY DEMANDED** | |
| *Defendant.* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

LILO ISMAIL ("Plaintiff Ismail"), individually, and on behalf of her children WILSAM ALSARRAF, SAMER ALSARRAF, AND MAYA ALSARRAF (Collectively "Plaintiffs") file this Complaint against WYMER ENTERPRISES, INC., dba MCDONALD's and McDonald's Corporation (Collectively "Defendants" or "McDonald's") to recover damages, and for cause of action would show the following:

### I.   NATURE OF CLAIMS

1.   This action is filed under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"), to correct unlawful discriminatory practices by a leader in retailing food products, to remedy acts of racial discrimination, religious discrimination, and discrimination on the basis of national origin perpetrated against the Plaintiffs.

2.   This action is also filed under 42 U.S.C. § 1981 ("Section 1981") to seek relief and correct

unlawful discriminatory practices by Defendants in places of public accommodations.

3.     Plaintiff seeks equitable relief, liquidated, compensatory and punitive damages, and any and all other damages for violations of the Title II of the Civil Rights Act ("Title II") as well as for violations of Section 1981.

4.     This action is also filed pursuant to the Texas Deceptive Trade Practices Act ("DTPA"), for unconscionable conduct perpetrated against Plaintiffs by the Defendants.

5.     Plaintiffs seek actual damages, reasonable and necessary attorney's fees, and treble damages pursuant to Civil Practice and Remedies Code 38.001 and Business & Commerce Code for Defendants' intentional and knowing violation of the DTPA.

## II. JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C.§1331. Plaintiffs are bringing this claim pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, et. Seq. ("Title II") as well as 42 U.S.C. § 1981 ("Section 1981").

7.     The Court has personal jurisdiction over Defendants based on both general and specific jurisdiction. Defendants have done business in the state of Texas, and they continue to do business in the state of Texas.

8.     This Court also has supplemental jurisdiction under 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

9.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because Defendants transacted business within this judicial district and a substantial amount of the events or omissions giving rise to this Complaint occurred in this district.

### III. THE PARTIES

10. Plaintiffs Lilo Ismail ("Plaintiff Ismail") and her children (collectively "Plaintiffs") are individuals currently residing in Fort Bend County, Texas. Plaintiffs sought service from Defendant Wymer Enterprises, Inc., dba McDonald's under the meaning of 42 U.S. Code § 2000a as well as under 42 U.S.C. § 1981 ("Section 1981").

11. Defendant, Wymer Enterprises, Inc., dba McDonald's is a Texas corporation engaged in the business of preparation and sale of food. Service of Process may be accomplished by serving its registered agent, Bernard T. Halloran, 2900 Wilcrest, Suite 102, Houston, Texas 77042.

12. Defendant McDonald's Corporation is a foreign corporation primarily engaged in the sale of food, and also in franchising stores. Among other States, Defendant McDonald's Corporation transacts business and provides services in the State of Texas and may be served with process through its registered agent, Prentice Hall Corp. System, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

13. At the time relevant hereto, Defendants were acting through their agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of Defendants.

### IV. CONDITIONS PRECEDENT

14. On February 25, 2020, Plaintiffs sent a letter pursuant to Texas Business and Commerce Code Section 17.505, giving Defendant Wymer Enterprises, Inc., dba McDonald's sixty days to respond to Plaintiffs' complaints regarding its unconscionable conduct. Defendant Wymer Enterprises, Inc., dba McDonald's did not respond to Plaintiff's letter.

### V. BACKGROUND AND FACTS

15. Plaintiff Ismail is a thirty-four-year-old resident of Texas, who immigrated to United States

from Iraq in about 2016. She is of Middle Eastern origin by race. Plaintiff Ismail has three children; *i.e.* Wilsam Alsarraf, Samer Alsarraf and Maya Alsarraf.

16. Plaintiffs are Muslim by faith and Plaintiff Ismail wears a hijab.

17. On January 23, 2020, Plaintiff Ismail went to Defendant Wymer Enterprises, Inc., dba McDonald's store located at 1845 N Fry Road, Katy, Texas 77449 along with her three children for a meal.

18. As they arrived, Plaintiffs found four other individuals waiting in the line to place their orders. Plaintiffs joined the que to get served.

19. Defendant served all four customers ahead of the Plaintiffs. However, as their turn came, Defendant began ignoring Plaintiffs. Plaintiffs waited for at least ten minutes for someone to take their orders. However, Defendant continued ignoring them completely. At some point a few other customers also began raising their concerns about Defendant's discriminatory treatment towards the Plaintiffs because of their race and religion.

20. In the end, after waiting for at least ten minutes or so, Plaintiff Ismail and her children failed to receive any service from the Defendant and was left with no choice but to leave the store, making them feel extremely harassed and utterly embarrassed in front of other people.

21. Plaintiff Ismail was pregnant at that time, and the whole incident took a huge emotional and psychological toll on her. The immense stress and emotional disturbance from the whole incident made her condition worse to the point when she started bleeding and had to be rushed to the hospital via ambulance within twenty-four hours of the incident. Plaintiff feared miscarrying her unborn baby from the stress.

22. Defendant's discriminatory conduct towards Plaintiffs was so outrageous that it prompted other customer(s) to raise their voices against such a conduct on Defendant's part and to videotape

the whole or part of the incident on their phones.

## V. FIRST CAUSE OF ACTION: DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN UNDER TITLE II OF THE CIVIL RIGHTS ACT, 1964

23.     Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

24.     Plaintiffs would show that Defendants discriminated against them on the basis of their race, ethnicity and national origin.

25.     Plaintiffs are members of protected class as they are of Middle-Eastern origin by race, and also because of the fact that the country of Plaintiff Ismail and two of her children's national origin is Iraq.  Plaintiffs attempted to contract for the services of a public accommodation by placing orders from a food retailer. Plaintiffs were denied those services, and were harassed and discriminated against due to their racial identity. Finally, the services were made available to similarly situated persons outside her protected class who came in the restaurant.

## VI. SECOND CAUSE OF ACTION: DISCRIMINATION BASED ON RELIGION UNDER TITLE II OF THE CIVIL RIGHTS ACT, 1964

26.     Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

27.     Plaintiffs would show that Defendants intentionally discriminated against plaintiff on the basis of their religion.

28.     Plaintiffs are members of protected class as they are Muslims by faith. On the day of the incident, Plaintiff Ismail was wearing a hijab making it visibly apparent that she was a Muslim. Plaintiffs attempted to contract for the services of a public accommodation by placing orders from a food retailer. Plaintiffs were denied those services, and were harassed and discriminated against based on their religion. Finally, the services were made available to similarly situated persons outside her protected class who came in the restaurant.

## VI. THIRD CAUSE OF ACTION: SECTION 1981 RACIAL DISCRIMINATION

29. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

30. The Civil Rights Act of 1866 prohibits discrimination against any individual because of that individual's race. *See* 42 U.S.C. § 1981.

31. Pursuant to 42 U.S.C. § 1981 Plaintiffs plead a cause of action against Defendants for racial discrimination.

32. Plaintiffs are members of a racial minority as they are of Middle-Eastern origin by race. Also, the country of Plaintiff Ismail and two of her children's national origin is Iraq. Plaintiffs would also show that Defendants intentionally discriminated against them on the basis of their race and national origin; and finally, the discrimination was directed toward one or more of the activities protected by the statute as Plaintiffs were denied the right to make and enforce contract for the services of a public accommodation by placing orders from the Defendant.

## VII. FOURTH CAUSE OF ACTION: UNCONSCIONABLE CONDUCT IN VIOLATION OF THE DTPA

33. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

34. Tex. Bus. & Com. Code Ann. § 17.46(a) makes false, misleading, or deceptive acts or practices in the conduct of any trade or commerce unlawful. Tex. Bus. & Com. Code Ann. § 17.45(5) further defines "unconscionable conduct" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree."

35. Plaintiff would show that Defendants violated that law by taking advantage of Plaintiff's lack of ability, knowledge and experience to a grossly unfair degree.

36. Defendant represents itself as a nondiscriminatory restaurant open to all customers, but Defendant misrepresented this when it refused service to Plaintiffs.

## VIII. JURY DEMAND

37.     Plaintiff demands a jury on all issues to be tried in this matter.  Plaintiff has submitted the jury demand and herein submit the jury fee.

## IX. PRAYER FOR RELIEF

38.     For the reasons set forth above, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and for the following relief:

- a. Actual, compensatory and punitive damages in an amount within the jurisdictional limits of the Court;
- b. Treble damages;
- c. interest as allowed by law;
- d. costs of court;
- e. attorney's fees; and
- f. such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**O'HARA LAW FIRM**

By: *Patrick O'Hara*

PATRICK O'HARA
S.D. Tex. I.D. 00930973
State Bar No.: 24060353
Email: pjo@oharaattorney.com
ROMIN TAMANNA
Fed. Bar No. 3355463
Texas State Bar No.: 24108971
Email: RT@oharaattorney.com
O'Hara Law Firm
14550 Torrey Chase Blvd., Suite 260

Houston, Texas 77014
Telephone: 281-919-2073
Facsimile: 281-783-2084

**ATTORNEYS FOR PLAINTIFF**